**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

DAVID RUFFIN,

    *Plaintiff*,               CASE NO. 09-CV-14664

*v.*                             DISTRICT JUDGE THOMAS LUDINGTON
                                 MAGISTRATE JUDGE CHARLES BINDER
FRITO-LAY, INC.,

    *Defendant*.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
**ON PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES**
(Doc. 10)

**I.    RECOMMENDATION**

**IT IS RECOMMENDED** that Plaintiff's Motion to Strike Affirmative Defenses be **GRANTED IN PART** and **DENIED IN PART**, as follows:

That the motion be **GRANTED** as to the following affirmative defenses which I recommend be **stricken**: (1) failure to state a claim upon which relief can be granted; (3) failure to exhaust administrative remedies; (7) "Defendant's conduct was not malicious; therefore, punitive damages are unavailable;" and (8) "alleged damages were caused by Plaintiff's own acts or failure to act."

That the motion be **DENIED** in all other respects.

## II. REPORT

### A. Background

By order of U.S. District Judge Thomas L. Ludington, the above referenced motion was referred to the undersigned magistrate judge on April 30, 2010.[1] (Doc. 11.) Defendant responded on May 5, 2010. (Doc. 12.) Pursuant to a Notice of Hearing issued on May 6, 2010, oral argument was held on June 3, 2010. (Doc. 13.)

The instant lawsuit involves claims of race discrimination under 42 U.S.C. § 1981, the Michigan Elliot Larsen Civil Rights Act, and a claim of unlawful retaliation.[2] Plaintiff's complaint concludes with a request for monetary damages to "fully compensate him for loss of back pay, future pay, bonuses, sick pay, vacation pay and all other fringe benefits, as well as non-economic damages, together with interest of all monies outstanding and attorney fees and costs along with all other relief that the Court deems just and equitable." (Doc. 1 at 8.) At another point in his complaint Plaintiff also seeks "future raises," "lost wages," damages for "loss of health benefits," and specific non-economic damages for "mental anguish, nervousness, as well as humiliation and embarrassment." (Doc. 1 at 3.)

### B. Affirmative Defense Standards

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, the "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous

---

[1] Although the Order of Reference is made pursuant to 28 U.S.C. § 636 (b)(1)(A), review of the case law convinces me that the decision of this motion is best made by way of a Report and Recommendation made pursuant to 28 U.S.C. § 636 (b)(1)(B). *See Specialty Minerals, Inc. v. Pleuss-Staufer AG*, 395 F. Supp. 2d 109, 111 (S.D.N.Y. Oct. 26, 2005) ("motion to strike an affirmative defense is clearly 'dispositive of a . . . defense of a party.'"); *United States v. Davis*, 794 F. Supp. 67, 68 (D.R.I. 1992) ("[a]n order striking affirmative defenses is dispositive of those defenses . . . ").

[2] Section 1981 encompasses claims of retaliation. *CBOS West, Inc. v. Humphries*, 553 U.S. 442, 128 S. Ct. 1951, 1961, 170 L. Ed. 2d 864 (2008).

matter." An affirmative defense is "'held to be sufficient . . . as long as it gives plaintiff fair notice of the nature of the defense.'" *Lawrence v. Chabot*, 182 Fed. App'x 442, 456 (6th Cir. 2006) (quoting Wright & Miller, FEDERAL PRACTICE AND PROCEDURE § 1274); *accord, Davis v. Sun Oil Co.*, 148 F.3d 606, 612 (6th Cir. 1998).

In 2007 and 2009, the United States Supreme Court issued opinions which altered the standard by which sufficiency of allegations in a complaint are to be viewed. In *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), the Court held that a complaint must set forth "enough facts to state a claim of relief that is plausible on its face." *Id.* at 570 (rejecting the traditional Rule 12(b)(6) standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). A "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). Even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted).

In 2009, the Supreme Court explained that the "tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, ___U.S.___, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (finding assertions that one defendant was the "principal architect" and another defendant was "instrumental" in adopting and executing a policy of invidious discrimination were insufficient to survive a motion to dismiss because they were "conclusory" and thus not entitled to the presumption of truth). Although Rule 8 "marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era," it "does not unlock the doors of discovery for a plaintiff armed with nothing more than

conclusions." *Id.* at 1950. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. . . . When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

The Sixth Circuit has yet to decide whether the new pleading standards announced in *Twombley* and *Iqbal* apply to affirmative defenses and the district courts are divided on the issue. Some district courts within the circuit have held that the *Twombly/Iqbal* standards apply to affirmative defenses because of the underlying rationale behind those standards, i.e., requiring clarity in pleadings and avoiding needless discovery costs. *See, e.g., HCRI TRS Acquirer, LLC v. Iwer*, No. 3:09 CV 2691, 2010 WL 1704236, at * 3 (N.D. Ohio April 28, 2010) (and cases cited therein). Other district courts have noted that the *Twombly* and *Iqbal* decisions did not mention affirmative defenses and that Rule 8(b) and (c) do not require that the defendant "show" he is entitled to prevail and thus, have thus held that the standards set forth in *Twombly* and *Iqbal* do not apply to affirmative defenses. *See, e.g., McLemore v. Regions Bank*, Nos. 3:08-cv-0021, No. 3:08-cv-1003, 2010 WL 1010092, at * 13 (M.D. Tenn. Mar. 18, 2010) (and cases cited therein). Still other district courts have chosen "not to weigh in on this issue because even assuming *Twombly* applies . . . [defendant's] affirmative defense sufficiently meets that standard." *Del-Nat Tire Corporation v. A to Z Tire & Battery, Inc.*, No. 2:09-cv-02457-JPM-tmp, 2009 WL 4884435, at * 2 (W.D. Tenn. Dec. 8, 2009).

Counsel for the parties have also "not weighed in on the issue" in either the written briefs or during oral argument, even though the instant motion comes three years after *Twombly* and a year after *Iqbal*. Instead, Plaintiff relies almost entirely upon Rule 12(f) alone, and Defendant relies almost exclusively upon a Sixth Circuit Federal Appendix case decided a year before *Twombly*. After review of the case law, and consideration of the principles underlying *Twombly* and *Iqbal,* however, I suggest that in this case the result would be the same under either standard.

**C.     Analysis and Conclusions**

Defendant's answer raises the following affirmative defenses: (1) failure to state a claim upon which relief can be granted; (2) statute of limitations; (3) failure to exhaust administrative remedies; (4) Defendant's actions were "in furtherance of a legitimate business purpose;" (5) "Plaintiff's claim is subject to an Agreement to Arbitrate;" (6) failure to mitigate damages; (7) "Defendant's conduct was not malicious; therefore, punitive damages are unavailable;" (8) "alleged damages were caused by Plaintiff's own acts or failure to act." (Doc. 6 at 1-2.) Defendant also reserved the right to add and assert affirmative defenses that become known through discovery. (*Id.*)

Under Rule 8(c) of the Federal Rules of Civil Procedure, a party must state any affirmative defense in his responsive pleading, e.g., answer, "including: accord and satisfaction; arbitration and award; assumption of risk; contributory negligence; discharge in bankruptcy; duress; estoppel; failure of consideration; fraud; illegality; injury by fellow servant; laches; license; payment; release; res judicata; statute of frauds; statute of limitations; and waiver."

Plaintiff attached Defendant's responses to his third set of interrogatories to his motion to strike. This third set of interrogatories sought specific factual and legal bases for the asserted

affirmative defenses. (Doc. 10, Ex. A.) Defendant generally refers to the fact that "discovery may disclose additional basis" for each of the affirmative defenses. (*Id.*)

As to each affirmative defense in turn, the failure-to-state-a-claim defense can be pleaded as an affirmative defense but may also be raised in any pleading allowed under Rule 7(a), by a motion to dismiss, or at trial. *Dynasty Apparel Industries, Inc. v. Rentz*, 206 F.R.D. 603, 607 (S.D. Ohio 2002), citing FED. R. CIV. P. 12(h)(2).[3] Consequently, although it may be pleaded as an affirmative defense, it may also be raised in a motion or at trial; thus, defendant will not be harmed if it is stricken. I therefore suggest that since this defense is "boilerplate" and recites conclusory language that has not been clarified or fleshed out either in Defendant's response to Plaintiff's interrogatories or elsewhere, it would not pass muster under either the "fair notice" or the *Twombly/Iqbal* standard. I therefore suggest that this defense be stricken.

As to the statute-of-limitations defense, Defendant's response to Plaintiff's interrogatories states that, "to the extent that Plaintiff asserts acts by Defendant during Plaintiff's 'over eleven (11) years . . . of 'satisfactory' or 'above satisfactory' service that are outside of the Statute of Limitations, the claims are barred by the Statute of Limitations." (Doc. 10, Ex. A at 2, ¶ 2 answer.) Of course, any laudatory acts by Defendant would not give rise to or support any claim of racial discrimination. However, Plaintiff has averred that he "was also passed up for promotions in favor of less experienced Caucasians." (Doc. 1 at 7, ¶ 45.) Since it is therefore possible for Defendant to contend that any failures to promote were discrete acts that must fall within the limitation period

---

[3] I note that under the traditional three-part test, the ability to withstand a 12(b)(6) challenge is one of the factors in determining whether to grant a motion to strike an affirmative defense. *Williams v. Provident Inv. Counsel, Inc.*, 279 F. Supp. 2d 894, 906 (S.D. Ohio 2003). The other two factors are whether the matter is properly pleaded as an affirmative defense and in accordance with the requirements of FED. R. CIV. P. 8 and 9. *Id.*

to be actionable under § 1981,[4] I suggest that this affirmative defense provides fair notice and also passes the *Twombly/Iqbal* standard.

As to the failure-to-exhaust-administrative-remedies affirmative defense, although a Title VII plaintiff must exhaust administrative remedies by filing a timely charge with the Equal Employment Opportunities Commission or the appropriate state commission, a plaintiff is not required to exhaust remedies before pursuing a § 1981 claim. *Franko v. City of Cleveland*, 654 F. Supp. 2d 711, 715-16 (N.D. Ohio 2009); *Young v. Daimler Chrysler Corp.*, 52 Fed. App'x 637, 639, n.1 (6th Cir. 2002); *Winbush v. State of Iowa by Glenwood State Hosp.*, 66 F.3d 1471, 1486 (8th Cir. 1995). I therefore suggest that this affirmative defense cannot meet either the fair notice or the *Twombly/Iqbal* standard and should be stricken.

As to the affirmative defense that Defendant's acts were taken in furtherance of a legitimate business purpose, the existence of a legitimate business purpose is a burden-shifting defense to a claim of racial discrimination. *Carter v. University of Toledo*, 349 F.3d 269, 273 (6th Cir. 2003). Therefore, I suggest that this affirmative defense satisfies the fair notice and the *Twombly/Iqbal* standard and should not be stricken.

As to the failure-to-arbitrate affirmative defense, in its answers to Plaintiff's interrogatories, Defendant "refers Plaintiff to Section D of the RSR handbook." (Doc. 10, Ex. A at 3, 5.) Since the possibility of an arbitration clause appears to be plausible, I suggest that this affirmative defense satisfies the fair notice and the *Twombly/Iqbal* standard.

As to the failure-to-mitigate affirmative defense, since Plaintiff is seeking future pay damages, and "the burden of proving a failure to mitigate future pay rest[s] with Defendant[,]" *Stockman v. Oakcrest Dental Center, P.C.*, 480 F.3d 791, 799 (6th Cir. 2007), I suggest that this

---

[4]*See, e.g., Hout v. City of Mansfield*, 550 F. Supp. 2d 701, 718 (N.D. Ohio 2008).

affirmative defense passes the fair notice and the *Twombly/Iqbal* standard and should not be stricken.

As to the affirmative defense that punitive damages are unavailable because Defendant did not act maliciously, the Complaint does not seek punitive damages. Accordingly, I suggest that this affirmative defense should be stricken under either the fair notice or the *Twombly/Iqbal* standard.

Finally, as to the affirmative defense that Plaintiff's injuries were caused by his own actions or failure to act, this language appears to be boilerplate language from a personal injury case or some other form of negligence action where contributory or comparative negligence is an appropriate defense. Here, however, this defense has no relevance. I therefore suggest that it be stricken as failing to meet either the fair notice or the *Twombly/Iqbal* standard.

**D. Summary**

For all the reasons stated above, I suggest that the motion to strike affirmative defenses be granted in part, striking the following affirmative defenses: (1) failure to state a claim upon which relief can be granted; (3) failure to exhaust administrative remedies; (7) "Defendant's conduct was not malicious; therefore, punitive damages are unavailable;" and (8) "alleged damages were caused by Plaintiff's own acts or failure to act." I further suggest that the motion be denied in all other respects.

**III. <u>REVIEW</u>**

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another

party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). The response shall be concise, but commensurate in detail with the objections, and shall address specifically, and in the same order raised, each issue contained within the objections.

Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan*, 474 F.3d at 837; *Frontier Ins. Co.,* 454 F.3d at 596-97.

|  |  |
|---|---|
| Dated: June 10, 2010 | s/ 𝕮𝖍𝖆𝖗𝖑𝖊𝖘 𝕰 𝕭𝖎𝖓𝖉𝖊𝖗<br>CHARLES E. BINDER<br>United States Magistrate Judge |

## CERTIFICATION

I hereby certify that this Report and Recommendation was electronically filed this date and served upon counsel of record via the Court's ECF System.

Date: June 10, 2010                                By     s/Patricia T. Morris
                                                               Law Clerk to Magistrate Judge Binder